SEAN D. FLAHERTY (SBN: 272598)
sflaherty@grsm.com
HAZEL MAE B. PANGAN (SBN: 272657)
hpangan@grsm.com
PATRICK J. MULKERN (SBN: 307272)
pmulkern@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
ZILLOW GROUP, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO MATA, individually and on behalf of similarly situated individuals,<br>Plaintiff,<br>v.<br>ZILLOW GROUP, INC., a Washington corporation,<br>Defendants. | Case No. 3:24-cv-1095-DMS-VET<br>**DEFENDANT ZILLOW GROUP, INC.'S ANSWER**<br><u>District Judge</u><br>Hon. Dana M. Sabraw<br><u>Magistrate Judge</u><br>Hon. Valerie E. Torres<br>Complaint Filed: June 25, 2024 |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Defendant Zillow Group, Inc. ("Defendant") answers the Complaint of Plaintiff Guillermo Mata, filed June 25, 2024 at ECF 1, as follows:

Except as otherwise expressly recognized herein, Defendant denies each and every allegation contained in the Complaint. Defendant states that the headings, subheadings, and footnotes throughout the Complaint do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is required, Defendant denies the allegations in headings, subheadings, and footnotes of the Complaint. Defendant expressly reserves the right to amend or supplement its Answer as may be necessary.

* * *

As to the paragraph prior to the start of numbered paragraphs, Defendant admits that Plaintiff has brought this complaint as a putative class action, alleging violations of the Video Privacy Protection Act ("VPPA") and the California Invasion of Privacy Act ("CIPA"), but denies the remaining allegations.

**Nature of the Case**[1]

1. Defendant admits it is the parent company of Zillow, Inc., which operates Zillow.com, one of the largest online residential real estate marketplaces in the nation, but denies the remaining allegations of Paragraph 1.

2. Defendant admits that, for a period of time, it permitted video walkthrough tours to be uploaded to Zillow.com webpages and that such video walkthrough tours could include prerecorded video production with accompanying audio tracks, but denies the remaining allegations of Paragraph 2.

3. Defendant admits that it has installed pixels and other technologies developed by third parties on Zillow.com, but denies the remaining allegations of Paragraph 3.

[1] Defendant repeats its position that the headings in the Complaint do not constitute allegations of fact requiring a response but retains them only for organizational consistency. To the extent the headings may be construed as allegation of fact, Defendant responds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations and so denies each.

4. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant admits that Plaintiff seeks the referenced relief, but denies the allegations—including any suggestion of entitlement to such relief—of Paragraph 7.

**Jurisdiction and Venue**

8. Defendant admits the Court has subject matter jurisdiction pursuant to 28 USC § 1331, but lacks sufficient information to form a belief as to the propriety of jurisdiction pursuant to 28 USC § 1332 and so denies on that basis.

9. Defendant lacks sufficient information to form a belief as to the propriety of personal jurisdiction, but nonetheless does not contest personal jurisdiction for purposes of this action only.

10. Defendant lacks sufficient information to form a belief as to the allegations regarding Plaintiff's residency, but nonetheless admits that venue is proper in this District under the claims as currently pled.

**Parties**

11. Defendant lacks sufficient information to form a belief as to the allegations of Paragraph 11 and so denies on that basis.

12. Admit.

**Common Factual Allegations**

13. Defendant lacks sufficient information to form a belief as to the allegations of Paragraph 13 and so denies on that basis.

14. Defendant lacks sufficient information to form a belief as to the allegations of Paragraph 14 and so denies on that basis.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

15. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 15.

16. Defendant admits it is the parent company of Zillow, Inc., which operates Zillow.com, and the Zillow mobile application, an online and app-based residential real estate marketplace, but denies the remaining allegations of Paragraph 16.

17. Defendant admits that it offers services and products that real estate agents and homeowners can use to market properties, but denies the remaining allegations of Paragraph 17.

18. Defendant admits that, for a period of time, it permitted video walkthrough tours to be uploaded to Zillow.com webpages and that the quoted language appeared on the cited webpage, but denies the remaining allegations of Paragraph 18.

19. Defendant admits that, for a period of time, it permitted video walkthrough tours to be uploaded to Zillow.com webpages and that such video walkthrough tours could include prerecorded video productions with accompanying audio tracks, but denies the remaining allegations of Paragraph 19.

20. Defendant admits that it has installed pixels and other technologies developed by third parties on Zillow.com, but denies the remaining allegations of Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant admits that users can register their email addresses on Zillow.com,which permits them to save their real estate searches and access webpages related to real estate listings they previously viewed, but denies the remaining allegations of Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

24. Defendant lacks sufficient information to form a belief as to the allegations of Paragraph 24 and so denies on that basis.

25. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 25.

**Plaintiff's Experience**

26. Defendant lacks sufficient information to form a belief as to the allegations of Paragraph 26 and so denies on that basis.

27. Defendant lacks sufficient information to form a belief as to the allegations of Paragraph 27 and so denies on that basis.

28. Defendant lacks sufficient information to form a belief as to the allegations of Paragraph 28 and so denies on that basis.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant lacks sufficient information to form a belief as to the allegations of Paragraph 30 and so denies on that basis. To the extent the allegations in Paragraph 30 reference, quote, or rely on third party materials, the cited sources speak for themselves and are the best evidence of their contents.

31. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 31.

**Class Action Allegations**

32. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 32.

33. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 33.

34. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 34.

35. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 35.

36. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 36.

37. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 37.

38. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 38.

**<u>Fraudulent Concealment and Tolling</u>**

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

**<u>Count One</u>**

**Violation of the Video Privacy Protection Act (18 U.S.C. § 2710)**

**On Behalf of Plaintiff and the Class**

42. Defendant incorporates by reference its responses to each and every allegation in the foregoing paragraphs as if fully set forth herein.

43. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 43.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

44. The first sentence of Paragraph 44 is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of the first sentence of Paragraph 44. Defendant denies the remaining allegations in Paragraph 44.

45. The first sentence of Paragraph 45 is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of the first sentence of Paragraph 45. Defendant denies the remaining allegations in Paragraph 45.

46. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. The first sentence of Paragraph 49 is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of the first sentence of Paragraph 49. Defendant denies the remaining allegations in Paragraph 49.

50. The first and second sentences of Paragraph 50 are legal contentions, to which no response is required. To the extent any is required, however, Defendant denies the allegations of the first and second sentences of Paragraph 50. Defendant denies the remaining allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Count Two**

**Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631(a))**

**On Behalf of Plaintiff and the California Subclass**

54. Defendant incorporates by reference its responses to each and every allegation in the foregoing paragraphs as if fully set forth herein.

55. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 55.

56. This paragraph is a legal contention, to which no response is required. To the extent any is required, however, Defendant denies the allegations of Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

**Prayer for Relief**

Defendant denies the allegations in the Prayer and denies that Plaintiff or putative class members are entitled to any of the requested relief.

**Demand for Jury Trial**

Defendant admits that Plaintiff has demanded a trial by jury. Defendant also demands a trial by jury on all issues so triable.

**General Denial**

Any and all allegations not expressly admitted herein are hereby denied.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## Affirmative Defenses

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant sets forth the following affirmative defenses. By enumerating the subjects below as affirmative defenses, Defendant does not concede that any such matter is an affirmative defense, as opposed to an element of Plaintiff's claim to which he bears the burden of proof. Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs with Plaintiff. Moreover, nothing stated herein is intended to or shall be construed as an acknowledgment that any particular issue or subject matter is necessarily relevant to Plaintiff's allegations.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint, and each Cause of Action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(No Injury)**

Plaintiff and the putative class have sustained no injury or damages by reason of any act of Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part to the extent Plaintiff lacks standing to bring a direct action against Defendant.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

The Complaint is barred in whole or in part because Plaintiff has failed to mitigate his damages (if any) and, therefore, Plaintiff's recovery (if any) must be reduced or barred.

**FIFTH AFFIRMATIVE DEFENSE**

**(Conformance With Laws)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because Defendant's conduct conformed to all applicable laws, regulations, and industry standards.

**SIXTH AFFIRMATIVE DEFENSE**

**(Comparative Fault and Contribution)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because Plaintiff is responsible for or contributed to the creation and transmission of the data alleged in the Complaint and so any recovery must be reduced by his comparative responsibility and obligation of contribution which must act as a setoff against any said recovery.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

For each Cause of Action alleged in the Complaint, Plaintiff fails to properly state a claim for injunctive relief.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Equitable Relief)**

Plaintiff and the putative class are not entitled to equitable relief insofar as they have adequate remedies at law.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**NINTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

To the extent Plaintiff and the putative class recover in any manner in this action, they cannot make the legal showing required to recover punitive damages.

**TENTH AFFIRMATIVE DEFENSE**

**(Unjust and Excessive Statutory Damages)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because the damages sought against Defendant would be unjust, arbitrary, oppressive, or confiscatory in light of the nature of the alleged conduct. To the extent this suit is maintained as a class action, damages awarded pursuant to Section 637.2(a) would be unjust and excessive—including in violation of the Eighth Amendment to the U.S. Constitution—because they are unrelated to and disproportionate to the actual harm (if any) that Plaintiff and the putative class purported incurred.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because the damages sought against Defendant would violate its due process rights under the U.S. Constitution and California Constitution. To the extent this suit is maintained as a class action, damages awarded pursuant to Section 637.2(a) would violate Defendant's due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I Sec. 7 of the California Constitution because it would be unconstitutional to impose damages here as the statute would impose random, arbitrary, capricious, and excessive punishment.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Void for Vagueness)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because the statutes under which Plaintiff brings claims are unconstitutionally vague.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Rule of Lenity)**

The provisions of California Penal Code, Section 630 *et seq.*, are ambiguous and because they are penal statutes, the rule of lenity requires that ambiguity be resolved in favor of Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Waiver / Estoppel)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part by the doctrine of waiver or estoppel.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because Plaintiff and the putative class expressly or impliedly consented to the conduct complained of herein.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part by the applicable statute of limitations..

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part by the doctrine of laches.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because Plaintiff and the Putative Class would be unjustly enriched if permitted to recover as requested because, if the suit is maintained as a class action, damages awarded pursuant to Section 637.2(a) would be unjust and excessive as unrelated to and disproportionate to any actual harm suffered and instead amount to an unwarranted windfall.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part as a result of Plaintiff's contributory negligence in cause the harm allegedly suffered.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Good Faith)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because Defendant acted in good faith at all times. To the extent the asserted claims impute conduct of a third-party to Defendant, or Defendant is alleged to have aided and abetted a third-party, Defendant did not do so knowingly, with intent, or to obtain any benefit.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Wrong Party)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because Plaintiff has filed suit against the wrong party

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Class Action)**

The Complaint, and each Cause of Action alleged therein, fail to state facts sufficient to certify a class as to either Plaintiff or Defendant. Plaintiff's suit may

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

not be properly maintained as a class action because: (1) Plaintiff has failed to plead, and cannot establish the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate, to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper class representative; (6) the named Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; (7) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class; and (9) the alleged putative class is not ascertainable, nor are its members identifiable.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Party to Communication)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because Defendant was a party to any and all communications at issue and therefore no actionable "interception" occurred.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Implied Release)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part to the extent Plaintiff and the Putative Class continued to access the subject website, and take advance of the benefits and serviced provided thereon, after becoming aware of their claims as alleged, constituting an implied release of those claims.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because Plaintiff and the Putative Class assumed the risk of any information about their web browsing being shared with third-parties by voluntarily surfing the internet and using internet-based services.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Third Party Disclosure)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because Plaintiff and the Putative class have previously disclosed information to third parties.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Manufactured Legal Claim)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part because any alleged injury was voluntarily incurred for the purpose of manufacturing a legal claim.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Free Speech)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part to the extent the relevant statutes violate the First Amendment of the Constitution, both facially and as applied, including because they are facially invalid, overbroad content- and speaker-based restrictions on speech that would punish a speaker for disclosing, with permission, factual information about an individual without causing any harm.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Terms and Conditions)**

The Complaint, and each Cause of Action alleged therein, is barred in whole or in part by applicable provisions of Defendant's terms of use to which Plaintiff and/or the putative class consented.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Affirmative Defenses Against Putative Class Members)**

If the Court certifies a class in this action, Defendant asserts each affirmative defense set forth herein against each and every member of the certified class.

**RESERVATION OF RIGHTS**

Defendant expressly reserves the right to supplement, amend, or otherwise modify these affirmative defenses as appropriate based on information obtained during this litigation.

**Prayer**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully prays as follows:

1. That Plaintiff take nothing by way of his Complaint;

2. That judgment be entered in favor of Defendant, and against Plaintiff, on the Complaint as a whole;

3. That Defendant be awarded costs of suit, including attorney's fees and expert fees, as may be proper under applicable statutes; and

4. That the Court award such other relief as the Court may deem appropriate.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury of all issues raised by the pleadings which are triable by jury.

Respectfully submitted,

Dated: January 31, 2025

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Sean D. Flaherty*
Sean D. Flaherty
Hazel Mae B. Pangan
Patrick J. Mulkern
Attorneys for Defendant
ZILLOW GROUP, INC.